

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-1991

Re: May an automobile license receipt be legally issued at any place other than the county seat if due notice has been given under Article 7255 that the collector will appear for the purpose of collecting taxes, if the automobile owners should make application for registration of their vehicles at that time and place?

Your letter of February 22, 1940, requesting the opinion of this department upon the above stated question has been received.

Your letter reads, in part, as follows:

"In Liberty County we have quite a problem facing us relative to the issuance of automobile licenses as well property tax receipts, in the town of Cleveland; which town because of its location is nearer the county seats of Montgomery and San Jacinto counties than Liberty, the county seat of this county.

"We are also aware of the fact that property-owning taxpayers, poll taxpayers, and owners of automobiles are required to pay their taxes and obtain their automobile license registrations in their own county.

Honorable Murphy Cole, Page 2

"Nevertheless there is a problem involved due to the fact that the Tax Collector is desirous of complying with the provisions set out under Article 7255 RCS 1925 which provides that the Tax Collector or his deputy shall attend and remain at least two days in each voting or justice precinct for the purpose of collecting such taxes as may be paid, after giving notice of the time and place required therein.

"Furthermore, highway patrolmen very often stop trucks and other vehicles on State Highway No. 35 in Liberty County, which highway runs through the town of Cleveland; for violations of the weight and length laws as well as for violations such as failure to have proper permits from the Railroad Commission; and the lack of drivers having chauffeurs licenses. If it were possible to issue additional license receipts, chauffeurs licenses, etc, when such violations occur on State Highway No. 35 in the County of Liberty, such receipts to be issued by a deputy in Cleveland then the revenue from such work would of course justify the Tax Collector in giving notice and sending a deputy to that town, let us say one day in each week.

"Heretofore Liberty County has attempted to set up a branch office in the town of Cleveland, and to appoint a deputy to work out of that office for the purpose of issuing tax (property and poll) and automobile license receipts; and to take renditions of property.

"Your department has already ruled that the establishment of a branch office in a town of less than 7,000 population was illegal since it does not conform to the provisions of Art. 7256 RCS 1925. I have your opinions No. O-243 dated February 20, 1939 and No. O-697 dated May 2, 1939, both of which are addressed to Thos. A. Wheat, County Attorney, before me and fully understand and appreciate the able way in which you have handled the subject. As a matter of fact I had never believed that we could maintain a branch of

Honorable Murphy Cole, Page 3

the Tax Collectors office in the town of Cleveland.

"However, I believe I have a solution to the problem, which if legal, would be to the mutual benefit and satisfaction of all concerned.

"The plan is:

"That the Tax Collector post notices from month to month if necessary stating time and dates that he will appear in Cleveland (or any other voting or justice precinct) for the purpose of collecting taxes, as provided by Art. 7255; that the dates of appearance will coincide as nearly as possible with the probable dates when taxpayers will most likely wish to pay their taxes.

"That the Tax Collector or his deputy appear at the places and on the dates as set out in his notice; properly equipped with books of receipts for the purpose of collecting any taxes which the taxpayer might wish to pay."

Article 7255, as amended by the 46th Legislature, reads as follows:

"Each tax collector shall begin the collection of taxes annually on the first of October, or so soon thereafter as he may be able to obtain the proper assessment rolls, books, or date upon which to proceed with the business; and, when so ordered by the commissioners' court in his county, he may post up notices -- not less than three, at public places in each voting or district precinct in his county, at least twenty days previous to the day said taxpayers are required to meet him for the purpose of paying their taxes, stating in said notice times and places the same are required to be paid; and said collector or his deputy shall attend at such times and places for the purposes aforesaid, and shall remain at each place at least two days. If the collector for any cause shall fail to

,Honorable Murphy Cole, Page 4

meet the taxpayers at the time and at the
place specified in the first notice h.
shall in like manner give second notice."

Article 7256, Revised Civil Statutes, reads, in
part, as follows:

"Each assessor and collector of taxes
shall keep his office at the county seat of
his county; and it shall be the duty of every
person who failed to attend and to pay his
taxes at the time and places in his precinct
named by the assessor and collector of taxes,
as provided in the preceding article, to call
at the office of the assessor and collector
of taxes and pay the same before the first
day of December of the same year for which
the assessment is made; * * *"

Article 6675a, section 3, pertaining to applica-
tion for registration of motor vehicles, reads, in part:

"The year for the purpose of registra-
tion of motor vehicles shall be April 1st to
March 31st (both inclusive) of the next suc-
ceeding calendar year, and may be referred
to as the "Motor Vehicle Registration Year",
and current year where used in the statutes
relating to payment of registration fees
shall mean that motor vehicle registration
year. Application for the renewal of regis-
tration of a vehicle and for each chauffeur's
license for any motor vehicle registration
year shall be made not later than April 1st,
of such year."

It will be noted that Article 7255, supra, pro-
vides that the tax collector shall begin the collection of
taxes annually on the first day of October or as soon there-
after as he may be able to obtain the proper assessment rolls,
books, or data upon which to proceed with the business; fur-
ther, it will be noted that Article 7256, supra, provides
that it shall be the duty of every person who fails to attend
and pay his taxes at the times and places as provided in Ar-
ticle 7255, to call at the office of the assessor and collec-
tor of taxes, as provided in Article 7255, and pay the same
before the last of December, of the same year for which the
assessment is made.

Honorable Murphy Cole, Page 5

Articie 6675a, section 3, supra, pertaining to application for registration of motor vehicles, provides that "Motor Vehicle Registration Year" shall be from April 1st to March 31st (both inclusive) of the next succeeding year.

The Legislature, in enacting Articles 7255 and 7256, was referring to the collection of and payment of ad valorem taxes, and not the collection of and payment of automobile license fees. It being apparent that Article 7255, supra, refers to the collection of ad valorem taxes, the tax assessor-collector cannot use this same article as a method for the collection of automobile license fees. Your inquiry is therefore answered in the negative.

Yours very truly

APPROVED MAR. 15, 1940     ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By  /s/ D. Burle Daviss
                        Assistant

DBD:AW

APPROVED OPINION COMMITTEE BY b/B CHAIRMAN